# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**TOMEKA CASANOVA,**
**Plaintiff,**

v.

**NATAVIA GARNER,**
**Defendant.**

Civil Action No. _____

United States Courts
Southern District of Texas
**FILED**

DEC 2 9 2025

Nathan Ochsner, Clerk of Court

# VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT

# AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Tomeka Casanova ("Plaintiff"), appearing pro se, files this Verified Complaint against Defendant Natavia Garner ("Defendant") and alleges as follows:

## I. INTRODUCTION

1. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., for Defendant's unauthorized reproduction, distribution, public performance, and monetization of Plaintiff's copyrighted podcast audio.

2. Defendant copied and uploaded verbatim audio clips taken directly from Plaintiff's original podcast to YouTube without Plaintiff's knowledge, permission, or license.

3. YouTube conducted an independent copyright review and issued copyright infringement strikes against Defendant's channel, confirming that the material violated Plaintiff's exclusive rights under copyright law.

4. Plaintiff seeks injunctive relief prohibiting Defendant from further use of the copyrighted material and requests a judicial determination preventing reinstatement of the infringing videos pursuant to 17 U.S.C. § 512(g)(2)(C).

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under federal copyright law.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in Houston, Texas, and the infringing conduct was directed into and caused harm within this District through online distribution.

## III. PARTIES

7. Plaintiff Tomeka Casanova is an individual residing in Houston, Texas, and is the sole creator and copyright owner of the works at issue.

8. Defendant Natavia Garners an individual who operates a YouTube channel under the name "When Tay Talk5" and distributed the infringing content through that channel.

## IV. PLAINTIFF'S COPYRIGHTED WORKS

9. Plaintiff is the sole author and owner of original podcast episodes and related audio recordings, fixed in a tangible medium of expression and protected under 17 U.S.C. § 102(a).

    a. "I SAID WHAT I SAID POCAST: **Episode 61: Open Lines Pullup! Diddy Caught With Alcohol | Chrisean to Blueface... "Jail Or Grave!" (https://www.youtube.com/watch?v=LzWgC_hAYJ4&t=9692)**

10. The podcast includes live call-in segments in which callers were intentionally anonymized and de-identified as part of the program's format.

2

11. Plaintiff retains all exclusive rights in the podcast audio, including the rights to reproduce, distribute, publicly perform, and authorize derivative works pursuant to 17 U.S.C. § 106.

## V. DEFENDANT'S INFRINGING CONDUCT

12. Defendant reproduced and uploaded audio clips taken directly from Plaintiff's podcast to YouTube without authorization.

13. The audio was copied verbatim and used as a central component of Defendant's videos.
    a. https://www.youtube.com/watch?v=2E5pcs2i5AE&t=3786

14. Defendant monetized the infringing videos through YouTube and used them to promote her channel and related paid platforms "Patreon".

15. Defendant's use was not transformative and relied on the expressive core of Plaintiff's copyrighted audio.

16. Defendant further used the audio to direct viewers and subscribers to speculate about and attempt to identify anonymous callers, repurposing Plaintiff's copyrighted material in a manner inconsistent with its original purpose and format.

## VI. YOUTUBE COPYRIGHT ENFORCEMENT

17. Plaintiff submitted valid DMCA takedown notices identifying the infringing content.

18. YouTube conducted an independent rights review and issued copyright infringement strikes against Defendant's channel.

19. The issuance of these strikes constitutes confirmation by YouTube that Defendant's use of Plaintiff's audio was infringing under YouTube's Copyright Policy and applicable law.

## VII. FAIR USE DOES NOT APPLY

20. Defendant's use does not qualify as fair use under 17 U.S.C. § 107.

21. The use was commercial in nature, not meaningfully transformative, and involved more copyrighted material than reasonably necessary.

22. Defendant's conduct caused market harm by diverting viewership and economic value from Plaintiff's original podcast.

## VIII. IRREPARABLE HARM

23. Defendant's continued possession and potential reinstatement of the infringing material creates a substantial risk of ongoing infringement.

24. Plaintiff lacks an adequate remedy at law to prevent future unauthorized use absent injunctive relief.

## IX. CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. §§ 106, 501)

25. Plaintiff incorporates all preceding paragraphs.

26. Defendant infringed Plaintiff's copyrights by reproducing, distributing, publicly performing, and monetizing Plaintiff's protected audio without authorization.

27. Defendant's infringement was willful.

## X. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff respectfully requests that the Court:

28. Enter a permanent injunction prohibiting Defendant from reproducing, distributing, displaying, or monetizing Plaintiff's copyrighted podcast audio;

29. Determine that the infringing YouTube videos shall not be reinstated pursuant to 17 U.S.C. § 512(g)(2)(C);

30. Order that YouTube maintain removal of the infringing material based on the Court's finding of copyright infringement;

31. Award statutory damages under 17 U.S.C. § 504(c), or actual damages and Defendant's profits as proven;

32. Grant such other and further relief as the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VERIFICATION

I, Tomeka Casanova, declare under penalty of perjury under the laws of the United States that the foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 29 day of December 2025, in Houston, Texas.

**Tomeka Casanova**
Plaintiff, Pro Se

5